UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


Josie Stepan, et al.,

      Plaintiffs,

v.

Bloomington Burrito Group, LLC d/b/a
Panchero's Mexican Grill, Panchero's Franchise
Corp., and Lamont Companies, Inc.,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-3288 ADM/TNL

___

Steven Andrew Smith, Esq., Nichols Kaster, PLLP, Minneapolis, MN, appeared on behalf of Plaintiffs.

Andrew J. Sveen, Esq., Nilan Johnson Lewis PA, Minneapolis, MN, appeared on behalf of Defendants.

___

## I. INTRODUCTION

On December 11, 2014, the undersigned United States District Judge heard oral argument on Defendant Lamont Companies, Inc.'s ("Lamont Companies") Motion to Dismiss [Docket No. 10]. Plaintiffs Josie Stepan ("Stepan"), et al. (collectively, "Plaintiffs") oppose the motion. For the reasons set forth below, Lamont Companies' motion is denied.

## II. BACKGROUND[1]

This is a case alleging "reverse discrimination" by eight former employees of Panchero's Mexican Grill ("Panchero's") located in Bloomington, Minnesota. Am. Compl. [Docket No. 4]

___

[1] Lamont Companies submitted a Declaration [Docket No. 13] in support of its motion and Plaintiffs offered its own Declaration at the hearing in opposition. For purposes of this motion, the Court has limited its consideration to the facts Plaintiffs have alleged in their Amended Complaint.

¶ 1.  Panchero's is a franchised restaurant that specializes in burritos and other Mexican fare.  Id. ¶¶ 16, 24.  Lamont Companies is a South Dakota corporation that owns and operates restaurants and hotels throughout the Midwest.  Id. ¶ 4.  Bloomington Burrito Group, LLC is a South Dakota limited liability corporation that is managed solely by Lamont Companies.  Id. ¶¶ 13-14.  While at Panchero's, five plaintiffs were employed as line cooks, one plaintiff was employed as a delivery driver, one plaintiff was employed as both a line cook and an assistant manager, and one plaintiff was employed as a general manager.  Id. ¶¶ 4-12.

Plaintiffs allege that they were all fired because they were non-Hispanic and non-Mexican.  Id. ¶ 1.  According to Stepan, Panchero's hired only Mexican people for all non-management positions, and only white people for management positions.  Id. ¶ 28.  Defendants allegedly justified the policy by stating "Mexicans work hard" and "don't complain about wages," and that it was the "Panchero's way."  Id.  According to Plaintiffs, this practice resulted in the termination of seven of the plaintiffs on November 1, 2010, with the eighth plaintiff losing his job sometime in the summer of the following year.  Id, ¶¶ 41-42.

On November 1, 2010, Stepan was told by managing partner and part-owner Alex Gese ("Gese") that everyone except "you-know-who" was going to be fired.  Id. ¶ 36.  Gese confirmed this meant everyone except two employees named Carlos and Raul.  Id. ¶ 37.  Gese said his hands were tied and "that's how Panchero's works."  Id. ¶ 38.  When Stepan reported that Gese's intentions were discriminatory, he corrected her and said, "No, it's reverse discrimination."  Id. ¶ 40.

Plaintiffs allege that, with the exception of Stepan's position, they were each replaced by Hispanic employees.  Id. ¶ 47.  Plaintiffs filed charges of discrimination with the Equal

Employment Opportunity Commission and the Minnesota Department of Human Rights.  Id. ¶ 47.  This suit was commenced on August 28, 2014.

Plaintiffs principally allege race, national origin, and reprisal violations pursuant to Title VII and the Minnesota Human Rights Act ("MHRA").  Id. ¶¶ 51-88.  Stepan further alleges a common law conversion claim for chattels that were allegedly lost or destroyed while under the control of Defendants.  Id. ¶¶ 89-95.  Plaintiffs allege Defendants jointly operated the Bloomington Panchero's and are employers within the meaning of Title VII and the MHRA.  Id, ¶¶ 15, 17, 20.  Lamont Companies presently challenges the sufficiency of the pleadings regarding its status as an employer as defined in Title VII and the MHRA.

### III.  DISCUSSION

**A.  Motion To Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  Lamont Companies is Plausibly Pled as an "Employer" Under Title VII and the MHRA**

Lamont Companies argues that Plaintiffs have failed to plead sufficient facts to plausibly allege that Lamont Companies was Plaintiffs' employer under Title VII or the MHRA.  Plaintiffs take the opposite view, arguing that their pleadings plausibly allege that Lamont Companies is an employer as defined in Title VII and the MHRA under either a single or joint employer theory.

Title VII and the MHRA both prohibit an employer from discriminating against individuals on the basis of race, color, national origin, and more.  42 U.S.C. § 2000e-2(a)(1); Minn. Stat. § 363A.08, subd. 2.  Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person. . . ."  42 U.S.C. § 2000e(b).[2]  The MHRA's definition of "employer" leaves little room for interpretation; an "'Employer' means a person who has one or more employees."  Minn. Stat. § 363A.03, subd. 16.  Due to the similarities between Title VII and the MHRA, Minnesota courts look to Title VII decisions in resolving MHRA claims.  Thorn v. Amalgamated Transit Union, 305 F.3d 826, 832 (8th Cir. 2002).

Congress intended a broad interpretation of Title VII's definition of "employer."  Baker v. Stuart Broad. Co., 560 F.2d 389 (8th Cir. 1977).  The definition allows for a person to have multiple employers for the same work.  Hunt v. State of Mo., Dept. of Corr., 297 F.3d 735, 742

---

[2] The definition continues by identifying two exceptions that were omitted because they are not relevant here.

(8th Cir. 2002). A "single employer" situation exists "where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" NLRB v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1122 (3rd Cir. 1982). This analysis is proper when "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a 'single enterprise.'" NLRB v. Deena Artware, Inc., 361 U.S. 398, 402 (1960). Four factors drive the single employer analysis. They are: 1) the interrelation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership or financial control. See Baker, 560 F.2d at 392 (citing Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. 255 (1965)).

Multiple related entities may also be liable under Title VII under a "joint employer" theory. Joint employers exist as separate legal entities but they have chosen to handle certain aspects of their employer-employee relationships jointly. See Browning-Ferris, 691 F.2d at 1122. Finding that companies are joint employers is proper where one company retains for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. See id. This Circuit applies the same factors for either a single or a joint employer analysis. See Pulitzer Pub. Co. v. NLRB, 618 F.2d 1275 (8th Cir. 1980).

While discovery may later prove otherwise, at this stage, Plaintiffs have plausibly pled that Lamont Companies is an employer under Title VII and the MHRA. Plaintiffs allege Lamont Companies is the corporate enterprise that managed and jointly operated the restaurant where Plaintiffs worked. Am. Compl. ¶¶ 2, 14. This is substantiated by the averment that Lamont Companies "owns and operates restaurants and hotels throughout the Midwest states. . . ." Id. ¶

18. Plaintiffs further aver that the discriminatory policies that constitute their Title VII and MHRA claims were "instituted" by "Defendants" (which includes Lamont Companies) "who have joint operation" of the restaurant. Id. ¶ 2. Collectively, these averments allege, at a minimum, Lamont Companies' interrelated operation, common management, and common ownership of the restaurant. Thus, Plaintiffs have alleged sufficient facts to state a claim against Lamont Companies under a single or joint employer theory.

Lamont Companies' primary position is that the Plaintiffs have not pled sufficient or specific enough facts to plausibly show Lamont Companies was their employer. At this pre-discovery stage, however, Plaintiffs do not yet possess the corporate documents and other evidence of Defendants' operations that are necessary for answering the fact-intensive inquiry of whether Lamont Companies was Plaintiffs' employer. See, e.g., Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 796-97 (8th Cir. 2009) (holding defendant companies' corporate documents included substantial evidence that parent company was employer for purposes of Title VII).[3] Plaintiffs are not required to plead the entirety of their case while toeing the starting blocks. If discovery fails to provide Plaintiffs the legal basis to name Lamont Companies as an employer under Title VII and the MHRA, Lamont Companies may renew its motion at that time. Therefore, Lamont Companies' status as an employer has been alleged beyond the "mere possibility" threshold and dismissal at this time is inappropriate. See Iqbal, 129 S.Ct. at 1950.

---

[3] As is true for most of the authority cited by Lamont Companies, the Sandoval decision was at the summary judgment stage.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Lamont Companies, Inc.'s Motion to Dismiss [Docket No. 10] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 22, 2014.